FILED
U.S. DISTRICT COURT
AUGUSTA DIV
2008 SEP -5 P 2: 43
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 308-001 |
| | ) | |
| SAMUEL ELLIS | ) | |

# ORDER

Before the Court are the various pre-trial and discovery motions filed by Defendant Samuel Ellis.[1] The United States of America, by and through its attorney, Edmund A. Booth, Jr., United States Attorney, and Darrin L. McCullough, Assistant United States Attorney, has filed a combined response to these motions.[2]

---

[1] Defendant's motions state, "Sammie Lee Ellis has been arrested and charged pursuant to a Superceding Indictment returned against Samuel Ellis." (See, e.g., doc. no. 402, p.1 n.1). However, as there has been no motion to correct the name in the indictment, the Court uses the name Samuel Ellis.

[2] The government responded to the previous round of motions filed in this case. (Doc. no. 316). As of the date of the entry of this Order, the time to respond to the current round of motions filed had not yet expired. Nevertheless, given that the Honorable Dudley H. Bowen, Jr., United States District Judge, is holding a status conference in this case on Monday, September 8, 2008, the Court will rule on Defendant's motions on the basis of the information provided by the government in response to similar motions previously filed in this case. Of course, as noted elsewhere in this Order, counsel will have an opportunity to raise any existing disputes or unresolved items that are not addressed herein.

## **GENERAL DISCOVERY MOTION, including REQUEST FOR DISCLOSURE OF EXCULPATORY AND IMPEACHING MATERIAL**

As to Defendant's general discovery requests, (doc. no. 405-1), the government responds that it has provided Defendant "open file" discovery in this case. The government has provided investigative reports, reports of laboratory analysis, and other documentary materials relevant to this case (attorney and agent work product excepted). Reports of any statements made by Defendant and reports on any searches and seizures conducted during the investigation, as well as Defendant's criminal history, have also been provided. Accordingly, the Court finds that the position of the United States Attorney in permitting full disclosure of the government's file pertaining to this case renders the general discovery requests **MOOT**.

However, to ensure that Defendant's requests are in fact covered by the government's disclosures, the Court hereby requires counsel for Defendant to submit, not later than five (5) days from the date of this Order, a written statement describing any existing disputes or unresolved items that have not been specifically addressed elsewhere in this Order. The statement should detail the specific items sought and should include a memorandum of law.

Defense counsel is reminded that dissemination of discovery material beyond that necessary to the preparation of the defense is prohibited by Loc. Crim. R. 16.1.

Any discovery material turned over to Defendant shall be maintained by Defendant and not further disseminated. Failure to comply with the terms of this Order may result in contempt proceedings.

As to the request for disclosure of exculpatory and impeaching information in accordance with the principles of Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), the Court notes that to some extent, Defendant's request exceeds the scope of Brady. Brady material includes information that is favorable to a defendant and material to the issues of guilt or punishment. Brady, 373 U.S. at 87; United States v. Agurs, 427 U.S. 97 (1976). This request is **GRANTED** (doc. no. 405-2) to the extent that the government must provide all Brady material to Defendant within five (5) days of the date it is received or its existence becomes known. With regard to impeaching information, the government must disclose this information seven (7) days prior to trial.

## MOTION TO ALLOW PARTICIPATION IN VOIR DIRE

This motion is **GRANTED** (doc. no. 402), subject to the following terms and conditions:

(a) Unless otherwise directed by the presiding District Judge, counsel must submit to the Court, not later than seven (7) days prior to trial, a list of questions which they desire to ask prospective jurors;

(b) Counsel shall take notes and avoid asking duplicative questions, unless additional clarification from a prospective juror is needed; and

(c) Counsel must address the array in the same order which the Court will later formulate for use at trial during the cross-examination of the government's witnesses.

## MOTION FOR EARLY DISCLOSURE OF JENCKS ACT MATERIAL

The Jencks Act, 18 U.S.C. § 3500, requires the government to provide a defendant with statements of witnesses immediately following their testimony in court. There is no

3

authority for the Court to grant an early release or disclosure of that material. United States v. Schier, 438 F.3d 1104, 1112 (11th Cir. 2006); United States v. Jordan, 316 F.3d 1215, 1251 & n.78 (11th Cir. 2003); United States v. Jimenez, 613 F.2d 1373, 1378 (5th Cir. 1980). However, early disclosure of Jencks Act materials will avoid unnecessary delay and inconvenience to the Court and jury. The government does not oppose the motion. Therefore, the government is **INSTRUCTED** to provide Jencks Act materials seven (7) days prior to trial to provide defense counsel a meaningful opportunity to assess these statements.[3] (Doc. no. 403).

## MOTION TO INTERVIEW WITNESSES
## UNDER CONTROL OF THE GOVERNMENT

Defendant filed a motion seeking to interview certain witnesses he believes to be under the control of the government. (Doc. no. 406). While a defendant is normally entitled access to prospective witnesses, such as disclosed informants, a defendant must first demonstrate some good faith effort in attempting to locate these people before the Court will order the government to make available the locations of these witnesses. Although the government is not required to make such witnesses available, the government may not interfere with a defendant's right to interview prospective witnesses. United States v. Manor, 936 F.2d 1238, 1242 (11th Cir. 1991); United States v. Pepe, 747 F.2d 632, 654 (11th Cir. 1984). The Court instructs the government to inform any prospective witnesses under its control that it is permissible for them to speak freely with defense attorneys, if they so

---

[3]The Court is aware of the government's disclosure that it has provided Jencks Act materials, including the grand jury transcript, in its discovery package (doc. no. 289; doc. no. 316, p. 1).

4

choose. Accordingly, the motion to interview is **GRANTED** as to any witness who so chooses to be examined by defense counsel prior to trial.[4]

SO ORDERED this 5th day of September, 2008, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4]However, the government will not be required, as requested by Defendant, to file the names of prospective witnesses who do not wish to be interviewed and the reasons for their recalcitrance to be interviewed.

5